## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Art Headquarters, LLC,<br><br>                              Plaintiff,<br><br>             -v-<br><br>Artline Wholesalers and Puneet Bhasin,<br><br>                              Defendants. | 2:22-cv-445<br>(NJC) (SIL) |

## <u>MEMORANDUM AND ORDER</u>

NUSRAT J. CHOUDHURY, District Judge:

Plaintiff Art Headquarters, LLC d/b/a Wendover Art Group ("Wendover") has brought this action against Artline Wholesalers d/b/a Artline Group ("Artline") and Puneet Bhasin ("Bhasin," and collectively, "Defendants"), invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. (Compl. ¶¶ 4–7, ECF No. 1.) The Court issued an Order requiring Wendover to show cause why this action should not be dismissed for lack of subject matter jurisdiction. (Order to Show Cause, Elec. Order, June 12, 2024.) Wendover's response to the Order to Show Cause (ECF No. 61) and filings in connection with the parties' motions for summary judgment (ECF No. 81–85) fail to establish that this Court has diversity jurisdiction. Accordingly, the Complaint is dismissed without prejudice for lack of jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

## BACKGROUND

On January 26, 2022, Wendover filed the Complaint in this action, bringing claims for monetary relief against Artline and Bhasin for one count of tortious interference with a contract, a state-law cause of action. (Compl. at 7–8.) The Complaint alleges that this Court has diversity

jurisdiction over Wendover's claims pursuant to 28 U.S.C. § 1332(a). (Compl. ¶ 7.) On June 12, 2024, the Court ordered Wendover to show cause in writing why the Court should not dismiss this case for lack of subject matter jurisdiction because the Complaint does not establish the citizenship of each member of Wendover, a limited liability company, or Bhasin, as is required to establish complete diversity among the parties. (Order to Show Cause.) On July 19, 2024, Wendover submitted a response to the Order to Show Cause, including sworn affidavits by several members of Wendover. (ECF No. 61.) On October 31, 2024, the parties filed fully-briefed motions for summary judgment. (ECF Nos. 81–85.)

## DISCUSSION

"It is a fundamental precept that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 616–17 (2d Cir. 2019) (citations and quotation marks omitted). As the Second Circuit has recognized, "[p]erhaps the most important limit is subject-matter jurisdiction, which defines a court's competence to adjudicate a particular category of cases." *Id.* at 617 (citation and quotation marks omitted). "It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction," and district courts "may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence." *Id.* at 617–18 (quotation marks omitted).

This Court has an independent obligation to determine whether subject matter jurisdiction exists over this case. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). When a

district court lacks subject matter jurisdiction, it must dismiss the action. *See Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 121 (2d Cir. 2024); Fed. R. Civ. P. 12(h)(3).

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity among the plaintiffs and defendants and that the amount in controversy exceeds $75,000. *See Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020). As Wendover is the party invoking jurisdiction, it bears the burden of "prov[ing] complete diversity by a preponderance of the evidence." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 n.3 (2d Cir. 2019).

"An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile," or in other words, "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk*, 935 F.3d at 53. It is well-established that allegations of "residence alone [are] insufficient to establish domicile for jurisdictional purposes." *Id.*; *accord RainMakers Partners LLC v. NewSpring Cap., LLC*, No. 23-899, 2024 WL 1846321, at *2 n.1 (2d Cir. Apr. 29, 2024) ("[A] complaint that alleges that the plaintiff and defendant are merely residents of different states has failed adequately to allege the existence of diversity jurisdiction."); *Canouse v. Protext Mobility, Inc.*, No. 22-1335, 2023 WL 3490915, at *1 (2d Cir. May 17, 2023) ("[I]t is well-established that allegations of residency alone cannot establish citizenship.") (citing *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997)). In order to determine an individual's domicile, courts consider various factors including:

> current residence; voting registration; driver's license and automobile registration; location of brokerage and bank accounts; membership in fraternal organizations, churches, and other associations; places of employment or business; . . . payment of taxes; . . . whether a person owns or rents his place of residence; the nature of the residence (*i.e.*, how permanent the living arrangement appears); . . . and the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc.

*Lever v. Lyons*, No. 16-cv-5130, 2021 WL 302648, at *7 (E.D.N.Y. Jan. 28, 2021) (citations

omitted); *see also Lawrence Moskowitz CLU Ltd. v. ALP, Inc.*, 830 F. App'x 50, 51 (2d Cir.

2020) ("[T]he determination of domicile considers factors such as voting, taxes, property, bank

accounts, places of business or employment.") (citation omitted).

Here, Wendover, a limited liability company, has established that it is a citizen of Florida.

For LLC defendants, "the citizenship of a limited liability company is determined by the

citizenship of each of its members." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir.

2016). In its response to this Court's Order to Show Cause, Wendover submitted affidavits from

Richard D. Forsyth, Francesca A. Forsyth, L. Lowry Baldwin, and Jennifer Baldwin. (F. Forsyth

Decl., ECF No. 61-1; R. Forsyth Decl., ECF No. 61-2; J. Baldwin Decl., ECF No. 61-3; L.

Baldwin Decl., ECF No. 61-4.) In his declaration, Richard Forsyth declared that he is the

President of Wendover, and that Wendover has one member, Wendover Providence Partners,

LLC ("Wendover Providence"), which is a limited liability company that has five members: (1)

Richard D. Forsyth; (2) Francesca A. Forsyth; (3) C Lasso Advisors, LLC ("C Lasso"); (4)

Francesca A. Forsyth Irrevocable Family Trust, dated December 8, 2020 ("F. Forsyth Trust");

and (5) Richard D. Forsyth Irrevocable Family Trust, dated November 4, 2020 ("R. Forsyth

Trust"). (R. Forsyth Decl. ¶¶ 5–6.)

Richard Forsyth and Francesca Forsyth both swore in their declarations that, at all times

since January 26, 2022, they have "resided in Florida," "been registered to vote in Florida,"

maintained a Florida driver's license, had an automobile registered in Florida, "intend[ed] to

remain in Florida and currently [have] no intention of seeking residence in another jurisdiction."

(*Id.* ¶ 12; F. Forsyth Decl. ¶ 7.) Based on these declarations, Wendover has established that

Richard Forsyth and Francesca Forsyth were both domiciled in Florida at the time the Complaint

was filed, and thus are both citizens of Florida for the purposes of diversity jurisdiction. *See Van Buskirk*, 935 F.3d at 53.

Wendover has also established that C Lasso is a citizen of Florida. L. Lowry Baldwin declared that, on January 26, 2022, and at all times since, C Lasso was and has been a limited liability company with one member, Loper Enterprises, LLC, which in turn has had two members since January 26, 2022: L. Lowry Baldwin and Jennifer Baldwin. (L. Baldwin Decl. ¶¶ 2–4.) In their declarations, both Jennifer and L. Lowry Baldwin swore that at all times since January 26, 2022, they each resided in Florida, have been registered to vote in Florida, maintained a Florida driver's license, had an automobile registered in Florida, intended to remain in Florida and had no intention of seeking residence in another jurisdiction. (L. Baldwin Decl. ¶ 10; J. Baldwin Decl. ¶ 4.) Accordingly, Wendover has established that both Jennifer and L. Lowry Baldwin were domiciled in Florida and were thus citizens of Florida at the time the Complaint was filed. Thus, Loper Enterprises, LLC is a citizen of Florida because its members are citizens of Florida, and C Lasso is likewise a citizen of Florida, as Loper Enterprises is its only member. *See Carter*, 822 F.3d at 60.

Wendover has also established that the F. Forsyth Trust and the R. Forsyth Trust are each citizens of Florida. The citizenship of traditional common-law trusts is determined by their trustees. *Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 731 (2d Cir. 2017). Richard Forsyth declared that he has been "the sole Trustee" of the F. Forsyth Trust at all times since January 26, 2022, and that the F. Forsyth Trust is a "traditional trust that was established for the purpose of estate planning." (R. Forsyth Decl. ¶ 7.) Thus, because the trustee, Richard Forsyth, is a citizen of Florida, the F. Forsyth Trust is also a citizen of Florida. *See Loubier*, 858 F.3d at 731. Additionally, Francesca A. Forsyth declared that since January 26, 2022, she and L. Lowry

Baldwin were the only two trustees of the R. Forsyth Trust. (F. Forsyth Decl. ¶ 2; *see also* L. Lowry Baldwin Decl. ¶ 5.) Thus, because Wendover has established that Francesca Forsyth and L. Lowry Baldwin are citizens of Florida, *see supra*, Wendover has established that the R. Forsyth Trust is a citizen of Florida.

Accordingly, since all five members of Wendover Providence are citizens of Florida and Wendover Providence is the only member of Wendover, Wendover is a citizen of Florida for the purposes of diversity jurisdiction.

While Wendover has established that it is a citizen of Florida, it has not established complete diversity between the parties because it has failed to establish the citizenship of Bhasin. In Wendover's response to the Court's Order to Show Cause, Wendover asserts that Bhasin is domiciled in Florida, relying on a declaration in which Bhasin swore that "at the time this lawsuit was filed," in January 2022, "I resided in the State of New York." (*See* ECF No. 61 at 3 (citing Bhasin Decl. ¶ 2, ECF No. 40-2).) Wendover further cites to the transcript of a 2021 deposition in which Bhasin testified that his "present address" was in New York, (*see id.*), and to Defendants' Answer to the Complaint, in which Bhasin, through counsel, admitted that he resided in New York as of January 26, 2022. (*Id.* (citing Answer ¶ 6, ECF No. 12).) Plaintiff has only established that Bhasin *resided* in New York at the time the lawsuit was filed, which is not by itself sufficient to establish Bhasin's place of domicile. *See Van Buskirk*, 935 F.3d at 53; *RainMakers Partners LLC*, 2024 WL 1846321, at *2 n.1; *Canouse*, 2023 WL 3490915, at *1. Nor has Wendover submitted any additional evidence of Bhasin's domicile in support of its Motion for Summary Judgment, or in opposition to Artline's Motion for Summary Judgment. (*See* ECF Nos. 81, 84.) In support of its Motion for Summary Judgment, Wendover submitted an

excerpt from Bhasin's deposition for this case, but the excerpt does not provide any information about Bhasin's domicile. (*See* ECF No. 81-10.)

Because Wendover has not established Bhasin's domicile, Wendover has failed to establish that it is completely diverse from all Defendants in this action. Accordingly, Wendover has not established that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Because the Court has determined that it lacks jurisdiction over this matter, the Court must dismiss this case. *See* Rule 12(h)(3), Fed. R. Civ. P. ("If the court determines at any time that it lacks subject-matter jurisdiction, the court ***must*** dismiss the action.") (emphasis added); *Do No Harm*, 96 F.4th at 121.

In some situations, federal courts will "permit Plaintiff an opportunity to amend its complaint to attempt to augment its jurisdictional allegations." *Acceptance Indem. Ins. Co. v. Crammer OConner Fiber Genesis*, No. 22-cv-1197, 2022 WL 14058786, at *4 (E.D.N.Y. Oct. 24, 2022). Discovery is closed in this action and the parties have filed cross motions for summary judgment. Yet, Wendover has failed to provide sufficient evidence of Bhasin's domicile even after the Court issued an Order to Show Cause requiring such evidence. On this record, I find that any amendment would be futile and inappropriate at this stage. *See id.* at *5.

## CONCLUSION

For the reasons set forth above, this action is dismissed without prejudice pursuant to Rule 12(h)(3), Fed. R. Civ. P., for lack of subject matter jurisdiction. Accordingly, the parties' pending motions (ECF Nos. 69–70, 81–82) are dismissed as moot. The Clerk of Court shall enter judgment and close this case.

Dated: Central Islip, New York
          December 13, 2024

_/s/ Nusrat J. Choudhury_
NUSRAT J. CHOUDHURY
United States District Judge